IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BRIAN WILLIAM ADERHOLD,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER ON PENDING MOTIONS<br><br><br><br>Civil Case No. 2:07-CV-789 TS<br><br>Criminal Case No. 2:05-CR-544 PGC |

This matter is before the Court on Petitioner Brian William Aderhold's Petition for Writ of Habeas Corpus.[1]  Petitioner is proceeding *pro se* in this matter.  For the reasons set forth more fully below, the Court will construe the Writ as a second § 2255 Motion and will transfer the Motion to the Tenth Circuit Court of Appeals.

I.  BACKGROUND

On January 31, 2006, Petitioner was sentenced by the Court.  Judgment was entered the same day.[2]  On March 19, 2007, Petitioner filed a Writ of Habeas Corpus.[3]  Although Petitioner filed his brief pursuant to 28 U.S.C. § 2241, not 28 U.S.C. § 2255, the Court construed

---

[1] Docket No. 1 in Case No. 2:07-CV-789 TS.

[2] Docket No. 28 in Case No. 2:05-CR-544 PGC.

[3] Docket No. 1 in Case No. 2:07-CV-166 PGC.

1

Petitioner's Motion as one under § 2255.[4]  The Court denied Petitioner's § 2255 Motion because it was filed outside of the limitations period and because Petitioner waived his right to file a § 2255 Motion.[5]  Additionally, the Court rejected the Motion on the merits because Petitioner presented no evidence in support of his claim that the Court lacked jurisdiction over the underlying criminal action.[6]  Petitioner appealed and the Tenth Circuit denied a Certificate of Appealability.[7]

On October 15, 2007, Petitioner again filed a Petition for Writ of Habeas Corpus.[8] Petitioner again alleges that the Court lacked jurisdiction over the underlying criminal action. The Court construes this as a Motion under 28 U.S.C. § 2255.[9]

## II.  ANALYSIS

Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides: "Before presenting a second or successive motion, the moving party must

---

[4] Docket No. 12 in Case No. 2:07-CV-166 PGC.

[5] *Id*.

[6] *Id*.

[7] Docket No. 23 in Case No. 2:07-CV-166 PGC.

[8] Docket No. 1 in Case No. 2:07-CV-789 TS.

[9] The Court recognizes that generally the Court must notify a litigant if it intends to recharacterize the pleading as a § 2255 Motion. *See Castro v. United States*, 540 U.S. 375, 383 (2003).  In this case, however, lack of notification of the recharacterization will not prejudice the Petitioner because this is his second motion and he has not obtained an order from the Tenth Circuit authorizing the Court to consider the Motion. *See United States v. Martin*, 357 F.3d 1198, 1200 (10th Cir. 2004).  Additionally, since this is Petitioner's second § 2255 Motion, the concerns which require notification in the first instance are not at issue. *See United States v. Torres*, 282 F.3d 1241, 1245–46 (10th Cir. 2002).

obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8."

This is Petitioner's second motion under § 2255.  Although Petitioner has attempted to avoid the requirements of § 2255 by asserting that it falls under 28 U.S.C. § 2241, his attempts are unavailing.  As Petitioner has not met the requirements to file a second motion under § 2255, the Court will transfer the Petition to the Tenth Circuit pursuant to 28 U.S.C. § 1631.[10]

### III.  CONCLUSION

It is therefore

ORDERED that Petitioner's Writ of Habeas Corpus (Docket No. 1 in Civil Case No. 2:07-CV-789 TS) is transferred to the Tenth Circuit Court of Appeals for authorization.  The Clerk of the Court is directed to transfer this matter to the Tenth Circuit Court of Appeals.  It is further

ORDERED that Petitioner's Request for Changing 2255 Motion to 2241 Petition (Docket No. 2) is DENIED.  It is further

ORDERED that Petitioner's Motion to Reassign Case (Docket No. 3) is DENIED as moot.  It is further

ORDERED that Petitioner's Motion to Court for Order to the Office of the Clerk to Correct its Clerical Error (Docket No. 4) is DENIED.

The clerk of the court is directed to close this case forthwith.

---

[10] *See Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997).

DATED this 19th day of November, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge