IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BRIAN WILLIAM ADERHOLD,<br><br>　　Petitioner,<br><br><br><br>vs.<br><br><br>UNITED STATES OF AMERICA,<br><br>　　Respondent. | MEMORANDUM DECISION AND ORDER DENYING AND DISMISSING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255<br><br><br><br><br>Civil Case No. 2:07-CV-789 TS<br>Criminal Case No. 2:05-CR-544 PGC |

　　This matter is before the Court on remand from the Tenth Circuit Court of Appeals for resolution of Petitioner's Petition for Writ of Habeas Corpus.[1]  Petitioner is proceeding *pro se* in this matter.  The Court previously construed the Petition as a Motion under 28 U.S.C. § 2255,[2] a decision which has been affirmed on appeal.[3]  This matter is now ripe for decision on the merits.

---

　　[1]*See In re Aderhold*, Nos. 07-4253, 07-4257 & 08-4001 (10th Cir. Feb. 11, 2008) (unpublished) (hereinafter "*In re Aderhold*").

　　[2]Docket No. 6, at 2 in Case No. 2:07-CV-789 TS.

　　[3]*In re Aderhold*, at 5 ("[T]he district court correctly held that the claims asserted in the October 2007 motion are the province of a § 2255 motion, not a § 2241 motion.").

1

The Court, having considered the motion and pleadings, having reviewed the file, and being otherwise fully informed, will deny Petitioner's § 2255 Motion, as set forth more fully below.

## I.  BACKGROUND

On January 31, 2006, Petitioner was sentenced by the Court.  Judgment was entered the same day.[4]  Petitioner did not pursue direct appeal.  On October 15, 2007, Petitioner filed the instant Petition for Writ of Habeas Corpus.[5]

## II.  DISCUSSION

A.   STATUTE OF LIMITATIONS

In general, a prisoner may not file a § 2255 motion more than one year after his conviction becomes final.[6]  Section 2255 states:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

[4] Docket No. 28 in Case No. 2:05-CR-544 PGC.

[5] Docket No. 1 in Case No. 2:07-CV-789 TS.

[6] *See also United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997).

Under 28 U.S.C. § 2255(1), Petitioner's conviction became final when judgment was entered. Petitioner did not file this Petition until October 15, 2007—more than one year after his conviction became final. Even taking into account the time in which Petitioner could have filed an appeal of his judgment, the Petition is still untimely. Petitioner has offered no reasons why the Petition was untimely filed and the Court can find none. Thus, the Petition is barred by the limitations period.

B.  APPEAL WAIVER

Even if the Petition was timely filed, the Court would find that Petitioner's claims are barred by the appeal waiver contained in the Statement in Advance of Plea.[7]

Defendant's Statement in Advance of Plea contains the following language:

> Fully understanding my limited right to appeal my sentence, as explained above, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily and expressly waive my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined, on any of the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, except I do not waive my right to appeal (1) a sentence above the maximum penalty provided in the statute of conviction as set forth in paragraph 2 above; and (2) a sentence above the high-end of the guideline range as determined by the district court at sentencing, or, in the event that no such determination is made by the district court, a sentence above the high-end of the guideline range as set forth in the final presentence report.
> I also knowingly, voluntarily and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under Title 28, United States Code, Section 2255.[8]

In exchange for Petitioner's plea of guilty and the waiver of his direct and collateral appeal rights, the government agreed to: (1) dismiss the Indictment; (2) recommend a reduction for

---

[7] Docket No. 20, at 3–4 in Case No. 2:05-CR-544 PGC (expressly waiving right to collateral appeal, including motions brought pursuant to § 2255).

[8] *Id.*

acceptance of responsibility; and (3) recommend a sentence at the low-end of the guideline range.[9]

At sentencing, the Court found a total offense level of 23, a criminal history category of I, and a guideline range of 46-57 months.[10]  The Court sentenced Defendant to a low-end sentence of 46 months.[11]

The Tenth Circuit has established a three-part test to interpret appeal waivers, based upon contract principles.[12]  The Court is to consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice."[13]  The Tenth Circuit further clarified that a court is to "strictly construe the scope of appellate waivers and 'any ambiguities in these agreements are read against the Government and in favor of a defendant's appellate rights.'"[14]  Moreover, the Court is to "hold a defendant to the terms of a lawful plea agreement."[15]  With these principles in mind, the Court proceeds with its analysis.

---

[9] *Id*. at 5.

[10] Docket No. 26 in Case No. 2:05-CR-544 PGC.

[11] *Id*.

[12] *United States v. Hahn*, 359 F.3d 1315, 1324-25 (10th Cir. 2004) (*en banc*) ("[C]ontract principles govern plea agreements.").

[13] *United States v. Porter*, 405 F.3d 1136, 1142 (10th Cir. 2005) (quoting *Hahn*, 359 F.3d at 1325).

[14] *Porter*, 405 F.3d at 1142 (internal citations and quotations omitted).

[15] *United States v. Atterberry*, 144 F.3d 1299 (10th Cir. 1998).

1. *Scope of Appeal Waiver*

As noted above, Petitioner signed a broad waiver of appellate rights, which included the waiver of his "right to challenge [his] sentence, and the manner in which [it] is determined, in any collateral review motion . . . brought under Title 28, United States Code, Section 2255."[16] The waiver contained only two exceptions: "(1) a sentence above the maximum penalty provided in the statute of conviction as set forth in paragraph 2 above; and (2) a sentence above the high-end of the guideline range as determined by the district court at sentencing, or, in the event that no such determination is made by the district court, a sentence above the high-end of the guideline range as set forth in the final presentence report."[17] Neither exception is at issue here.

Not only does this language provide for a clear, express waiver of collateral appeal rights, it also references the exact statutory provision under which this action is brought—§ 2255. The Court detects no ambiguity whatsoever in the language. The Court finds that the arguments raised in Petitioner's Motion fall within the scope of the waiver.

2. *Knowing and Voluntary Waiver*

The Tenth Circuit has held that it will "only enforce appeal waivers that defendants enter into knowingly and voluntarily."[18] In determining whether an appellate waiver is knowing and voluntary, the Court looks to two factors: (1) "whether the language of the plea agreement states

---

[16] Docket No. 20, at 3–4 in Case No. 2:05-CR-544 PGC.

[17] *Id.* at 3.

[18] *Hahn*, 359 F.3d at 1328 (citing *United States v. Elliot*, 264 F.3d 1171, 1173 (10th Cir. 2001)).

that the defendant entered the agreement knowingly and voluntarily,"[19] and (2) whether there was "an adequate Federal Rule of Criminal Procedure 11 colloquy."[20]  Further, the Supreme Court has stated that "the law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply *in general* in the circumstances—even though the defendant may now know the *specific detailed* consequences of invoking it."[21]

    First, the Court finds that the language of the plea agreement at issue here expressly states that Petitioner entered into the agreement knowingly and voluntarily.  The language of the appeal waiver states that "[f]ully understanding my right to appeal my sentence . . . I knowingly, voluntarily and expressly waive my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined" and further that "I also knowingly, voluntarily and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under Title 28, United States Code, Section 2255."[22]

    Next, the Court finds that there was an adequate Rule 11 colloquy conducted on the record between the Court and Petitioner.[23]

---

[19] *Id*. at 1325 (citing *Elliot*, 264 F.3d at 1174 n.1) ("Indeed, the plea agreement, which he signed, stated that [the defendant] 'knowingly and voluntarily waive[d] the right' to appeal.").

[20] *Id.* (internal citations omitted).

[21] *United States v. Ruiz*, 536 U.S. 622, 629–30 (2002) (emphasis in original).

[22] Docket No. 20, at 3–4 in Case No. 2:05-CR-544 PGC.

[23] *See* Docket No. 19 in Case No. 2:05-CR-544 PGC.

Further, in the written plea agreement, Petitioner signed his name beneath the following statements, among others: "No threats or promises of any sort have been made to me to induce me or to persuade me to enter this plea. . . . I have discussed this case and this plea with my lawyer as much as I wish to. I am satisfied with my lawyer. My decision to enter this plea was made after full and careful thought, with the advice of counsel, and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication or intoxicants when the decision to enter the plea was made and I am not now under the influence of drugs, medication or intoxicants. I have no mental reservations concerning the plea."[24]

Considering the above, the Court finds that both Petitioner's plea of guilty and his collateral appeal waiver were "knowingly and voluntarily made."

### 3. *Miscarriage of Justice*

The third prong of the appellate waiver enforcement analysis "requires the court to determine whether enforcing the waiver will result in a miscarriage of justice."[25]

> To prove that enforcement of an appellate waiver would result in a miscarriage of justice, a defendant must establish at least one of four circumstances: (1) reliance by the court upon an impermissible factor such as race in imposition of the sentence; (2) ineffective assistance of counsel in connection with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful and seriously affects the fairness, integrity, or public reputation of judicial proceedings.[26]

---

[24]Docket No. 20, at 6–7 in Case No. 2:05-CR-544 PGC.

[25]*Hahn*, 359 F.3d at 1327 (internal citations omitted).

[26]*Porter*, 405 F.3d at 1143 (citing *Hahn*, 359 F.3d at 1327).

Petitioner bears the burden of establishing a miscarriage of justice.[27]

Petitioner has raised none of the above factors in his Motion.  Therefore, the Court finds that enforcing the waiver would not result in a miscarriage of justice.  As a result, the Court will enforce Petitioner's waiver and dismiss this case.  All issues raised by Petitioner in his § 2255 Motion are barred, and will not be considered by the Court.

### III.  CONCLUSION

Based upon the above, it is hereby

ORDERED that Petitioner's § 2255 Motion (Docket No. 1 in Case No. 2:07-CV-789 TS) is DENIED for the reasons set forth above.  It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required.

The Clerk of Court is directed to close Case No. 2:07-CV-789 TS forthwith.

DATED this 13th day of February, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[27] *United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004).